STATE ex rel. FRED W. GOSEWISCH v. EDWARD G. KRAHMER.[1]

May 4, 1906.

Nos. 14,765—(181).

Alternative writ of mandamus issued from the district court for Ramsey county upon relation of Fred W. Gosewisch, requiring defendant as county auditor to issue to relator a warrant for the payment of his salary as clerk of the probate court for that county, in amount as provided by chapter 365, Laws 1903, or show cause to the contrary. The point in issue was the constitutionality of chapter 194, Laws 1905, which amended the former act and postponed its operation in Ramsey county. The case was tried before Kelly, J., who made an order directing the discharge of the alternative writ and denying relief. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Durment & Moore*, for appellant.

*T. R. Kane*, and *O. H. O'Neill*, for respondent.

PER CURIAM.

In the recent case of State v. Rogers, 97 Minn. 322, 106 N. W. 345, in which the decision was filed February 16, 1906, we sustained the constitutionality of chapter 171, p. 221, Laws 1905. Chapter 194, p. 245, Laws 1905, the constitutionality of which is involved in this appeal, is valid if that decision is correct. The two acts are identical in form and substance, and this is, in effect, merely a reargument of the Rogers case. We have given careful consideration to the learned brief and argument of counsel for appellant, but find no reason for reversing or modifying the former decision. The contention that the title of the statute does not conform to the constitutional requirement is without merit. We think that the relator is unnecessarily alarmed over the effect of the ruling in the Rogers case. Ramsey county must be in one class or the other. The legislature never intended to leave it suspended in the air. The reasonable inference is that it intended it to remain in the class where it then was until in the manner prescribed by the statute it should be made to appear that it had acquired the population which made it a member of another class. The last valid statute necessarily overruled all prior statutes or parts of statutes inconsistent therewith. The relator is, therefore, not deprived of his salary.

The judgment appealed from is affirmed.

[1] Reported in 106 N. W. 1133.